J-S52041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CURTIS BARBEE | |
| Appellant | No. 1173 EDA 2014 |

Appeal from the PCRA Order July 20, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006134-2007

BEFORE: GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:       **FILED SEPTEMBER 04, 2014**

Appellant, Curtis Barbee, appeals *nunc pro tunc* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. On January 18, 2006, Appellant fatally shot Warren Smith and D'Shaun Taylor in the head. A jury convicted Appellant on October 20, 2008, of possessing an instrument of crime, and two counts of first-degree murder. The trial court sentenced Appellant on October 22, 2008, to two consecutive

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

sentences of life imprisonment, followed by two and one half (2½) to five (5) years' imprisonment. This Court affirmed Appellant's judgment of sentence on March 15, 2010. *See Commonwealth v. Barbee*, 996 A.2d 534 (Pa.Super. 2010) (unpublished memorandum).

Appellant timely filed a *pro se* PCRA petition on July 19, 2010. The PCRA court appointed counsel, who filed a motion to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On May 18, 2012, Appellant filed a response to PCRA counsel's "no-merit" letter. Thereafter, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded to the PCRA court's Rule 907 notice on July 5, 2012. On July 20, 2012, the PCRA court dismissed Appellant's petition and granted PCRA counsel's motion to withdraw.

Appellant purportedly filed a notice of appeal on July 27, 2012. Nevertheless, after inquiring into the status of his appeal, this Court sent Appellant a letter informing him that no notice of appeal had been entered on the docket. On May 7, 2013, Appellant subsequently filed a *pro se* PCRA petition requesting reinstatement of his appellate rights *nunc pro tunc*, which the PCRA court granted on April 2, 2014. On April 16, 2014, Appellant timely filed a notice of appeal *nunc pro tunc*, and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issue for our review:

> WHETHER THE PCRA COURT ERRED WHEN DISMISSING APPELLANT'S TIMELY FIRST PCRA PETITION ON THE BASIS OF APPOINTED PCRA COUNSEL'S DEFICIENT NO-MERIT LETTER?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012).

Appellant argues PCRA counsel's *Turner*/*Finley* "no-merit" letter was deficient. Appellant claims he has the right to effective assistance of counsel during his first PCRA petition, but he was deprived of that right because

PCRA counsel's "no-merit" letter failed to comply with the requirements of *Turner*/*Finley*. Specifically, Appellant alleges PCRA counsel's "no-merit" letter failed to mention Appellant's claims of trial/appellate counsel's ineffectiveness, failed to explain what PCRA counsel reviewed and investigated regarding these claims, and failed to explain why these claims are meritless. Appellant concludes the PCRA court erred in granting PCRA counsel's motion to withdraw, and this Court should vacate the order dismissing Appellant's petition and remand for the appointment of new PCRA counsel. We disagree.

Preliminarily, our Supreme Court has held that "an appellate court may [not] *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue…." *Commonwealth v. Pitts*, 603 Pa. 1, 9, 981 A.2d 875, 879 (2009) (determining appellant failed to raise issue of PCRA counsel's "no-merit" letter after PCRA court issued Rule 907 notice). Nevertheless, in the present case, Appellant challenged the adequacy of PCRA counsel's "no-merit" letter in his responses to both PCRA counsel's *Turner*/*Finley* letter, and the PCRA court's Rule 907 notice. Therefore, our review of PCRA counsel's "no-merit" letter does not conflict with our Supreme Court's decision in *Pitts*.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is

required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show

- 5 -

that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

"[T]o succeed on an allegation of…counsel's ineffectiveness…a post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." *Commonwealth v. D'Amato*, 579 Pa. 490, 500, 856 A.2d 806, 812 (2004) (internal citations omitted). "[A] petitioner does not preserve a…claim of ineffectiveness merely by focusing his attention on whether…counsel was ineffective. Rather, the petitioner must also present argument as to how the second and third prongs of the *Pierce* test are met with regard to the…claim." *Commonwealth v. Santiago*, 579 Pa. 46, 69, 855 A.2d 682, 696 (2004). "[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [the petitioner's] burden of establishing that he is entitled to any relief." *Commonwealth v. Bracey*, 568 Pa. 264, 273 n.4, 795 A.2d 935, 940 n.4 (2001).

Instantly, Appellant's argument on appeal essentially alleges PCRA counsel's ineffectiveness for failure to comply with the requirements of *Turner*/*Finley*. Appellant baldly asserts his right to effective assistance of counsel during his first PCRA petition. Nevertheless, Appellant does not attempt to apply the standard governing the review of ineffectiveness

claims. Thus, Appellant has not established he is entitled to any relief on his claim. *See id.*

Moreover, PCRA counsel substantially complied with the requirements of a *Turner*/*Finley* "no-merit" letter. "Before an attorney can be permitted to withdraw from representing a petitioner **under the PCRA**, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of *Turner*/*Finley*." *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa.Super. 2003) (emphasis in original).

> [C]ounsel must…submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and petition to withdraw and advise the petitioner of his right to proceed *pro se* or with new counsel. *Id.* "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra*.

Here, PCRA counsel filed a *Turner*/*Finley* letter and motion to withdraw as counsel with the PCRA court. PCRA counsel stated that he corresponded with Appellant and reviewed Appellant's case file and available notes of testimony. PCRA counsel also listed the ineffective assistance of trial/appellate counsel claims Appellant wished to raise and explained why the claims merit no relief. PCRA counsel indicated that he was sending

Appellant a copy of the "no-merit" letter, which notified Appellant of PCRA counsel's request to withdraw and provided an explanation of Appellant's right to proceed *pro se* or with private counsel. Thus, PCRA counsel substantially complied with the ***Turner***/***Finley*** requirements. ***See Commonwealth v. Widgins***, 29 A.3d 816 (Pa.Super. 2011) (holding PCRA counsel substantially complied with ***Turner***/***Finley*** requirements to withdraw as counsel); ***Karanicolas, supra***. Accordingly, we affirm the PCRA court's order dismissing Appellant's petition and granting PCRA counsel's motion to withdraw.

Order affirmed.

*JUSTICE FITZGERALD CONCURS IN THE RESULT.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2014